Judge Cabell:
I concur in the various views of this case taken by Judge Green; and as it would be unnecessary to go over the same ground, when I could not place it in a clearer or stronger light, I satisfy myself with expressing my entire concurrence in his opinion, and in the decree prepared for the majority of the Court.
The President:
Though a Court of Equity will decree a specific execution of a parol contract, which has been in part performed, yet all the cases agree, that it must appear that the part performance is in pursuance of the agreement proved; and *277 in most of the cases, the difficulty has been in shewing, that the part performance proved, was in accordance with the agreement alledged. An inference from the nature of the acts of performance, that they were done in pursuance of some other contract, would leave the matter so doubtful, as to remove the foundation of the jurisdiction of the Court.
In the case now before the Court, no contract is proved by any direct proof. It is to be inferred only from the admissions of Leftwich, in various conversations with the witnesses, and at times remote from each other; and are often more indicative of what he intended to do, than of any contract previously made with Jlnthony. This is my view of the evidence to be collected from the admissions and declarations of Leftwich. That they did refer to the contract insisted on, is possible. The evidence of the acts of part performance, from which the contract is to be inferred, to which the admissions of Leftivich are supposed to apply, is also of very doubtful character. A fertile imagination might refer it to a contract, differing as well from the one alledged in the bill, as from that now insisted on. To infer part performance to be in pursuance of a proved parol contract, from possession and other acts, is often difficult; but without direct proof, to infer also the contract and its execution in part, doubles the difficulty. In such a case, unless th.e conclusions are unavoidable, a Court of Equity ought not to interfere, for the purpose of specific execution; especially in a case, in which the answer negatives the contract alledged in the bill, and does not admit another contract, on which the Court can relieve. Lindsey v. Lynch, 2 Sch. & Lefr. 1.
I concur with Judge Carr, that no case is made out, on which a specific execution ought to be decreed; but as it appears that there was some understanding between the parties, in consequence of which Jlnthony held the possession, and made improvements, &tc. for which he probably could not be compensated at law, I concur in the de *278 cree for that object; which has been agreed upon by the Court, except as to the lien on the land, or so as to affect it in any way.
The following was entered up as the decree of the Court:
The Court is of opinion, that it appears that upon the purchase of the land in the proceedings mentioned, from Terrell, it was agreed between Leftwich and Anthony, that the said Leftwich, should convey that part of the land lying above the Cowhide branch, to his daughter, the wife of the said Anthony, as an advancement to her; and that the said Leftioich should receive the proceeds of Anthony’s crop on hand, and cultivate that part of the land lying below the Cowhide branch, with Anthony’s hands and horses, and receive the crops, until so much money was raised from the said crop on hand, and those to be made by Anthony’s force upon the land lying below the Cowhide branch, as would pay one moiety of the purchase money, and then to convey the land lying below the Cowhide branch, to Anthony; and that Anthony, upon the faith of this contract, made valuable improvements, at his own expense, in ditching and building on the lower end of the land, whilst it was cultivated with his hands and horses, under the direction of Leftwich, and also made, at his own expense, valuable improvements on the upper end of the land, in the life-time of Leftwich; and that Leftwich received the proceeds of Anthony’s crop on hand, and of five crops made by Anthony’s hands and horses, on that part of the land below the Cowhide branch, under his direction.
The Court is further of opinion, that under the circumstances of this case, the said contract ought not, in equity, to be specifically executed, since that would frustrate the will of Leftwich, (to the great injury of his daughter Catherine, and of the said Anthony’s wife and children, who could not,, in any way, be compensated,) unless it should appear that the said Anthony cannot be compensated for his said expenditures, made upon the faith of the said con» *279 tract, out of Lcftwich’s personal estate, or in any way, other than by a specific execution of the contract; in which event, the contract ought to be specifically executed, upon his paying the balance due by him, if any; unless the defendants should severally elect to make such compensation themselves, in equal moieties; that is, the holders of the land below the Cowhide branch, one moiety, and the holders of the land above the Cowhide branch, the other moiety; or if these portions of the land are of unequal value, then in the proportion of their respective values.
In order to ascertain the amount of compensation to which the said Jlnthony may be entitled, an account should be taken, in which he should have credit for the price, if that can be ascertained, (if not, then the value,) of the permanent. improvements, by building and ditching or otherwise, upon the land below the Cowhide branch, whilst it was cultivated by his hands, under the direction of Leftwich, and of any such improvements, made by him, on tho land above the Cowhide branch, in the life-time of Leftwich; and also, with the proceeds of the said crops received by Leftwich, without allowing to the latter any rents for the laud; and should be charged with all sums expended by Leftwich, in making and carrying the said crops to market, and all sums due from Jlnthony to Leftwich, on any other account. And to this end, the plaintiff should have had leave to amend his bill, and make the personal representative of Leftwich a party defendant; and that the said decree is erroneous. Therefore, it is decreed and ordered, that the same he reversed and annulled, and that the appellees pay to the appellant his costs by him expended, &e. And it is ordered, that the cause be remanded to tho said Superior Court of Chancery,